

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-7-2005

# Tjen v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-2621

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Tjen v. Atty Gen USA" (2005). *2005 Decisions.* Paper 889.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/889

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 04-2621
_____

KOK SWIE TJEN; AUGUSTINA HIDAYAT

Petitioners

v.

* ALBERTO R. GONZALES, Attorney General of the United States

Respondent

(*Substituted pursuant to Rule 43(c), Fed. R. App. P.)
_____

Petition for Review of an Order of the
Board of Immigration Appeals
(No. A78-689-272 )
(No. A78-689-273)

_____

Submitted Under Third Circuit LAR 34.1(a)
July 1, 2005

Before: NYGAARD, SMITH, and FISHER, Circuit Judges.

(Filed July 7, 2005)

———————

OPINION OF THE COURT

———————

NYGAARD, <u>Circuit</u> <u>Judge</u>.

Husband and wife Kok Swie Tjen and Augustina Hidayat petition for review of a decision of the Board of Immigration Appeals ("BIA"). We have jurisdiction pursuant to 8 U.S.C. § 1252 and will deny the petition.

I.

Petitioners Tjen and Hidayat are ethnically-Chinese natives and citizens of Indonesia. They entered the United States on January 8, 1999 and March 29, 1999, respectively. On July 12, 2000, Tjen filed an application for asylum, withholding of removal, and protection under the Convention Against Torture, claiming that he had been persecuted because of his ethnicity, and claiming that if returned to Indonesia, he would be persecuted on account of his ethnicity and his religious beliefs as a Jehovah's Witness. On April 4, 2002, Hidayat filed for asylum and associated relief, also claiming a fear of persecution on account of her ethnicity and her religious beliefs as a Jehovah's Witness. The Immigration Judge denied their requests for relief and the BIA affirmed by opinion.

II.

Petitioners seek review on three issues: (1) whether they are entitled to asylum; (2) whether they are entitled to withholding of removal; and (3) whether the BIA

2

erred when it held that the Immigration Judge did not deny them due process. We reject

their arguments on all accounts and address each in turn.

A.

An alien seeking asylum must file an application for that relief within one

year of entering the United States. 8 U.S.C. § 1158(a)(2)(B). If the alien can demonstrate

materially changed circumstances affecting eligibility or "extraordinary circumstances

relating to the delay in filing [for asylum]," the failure to file a timely application may be

excused. *Id*. at § 1158(a)(2)(D). The BIA found Petitioners' applications for asylum to

be untimely filed and lacking in changed or extraordinary circumstances sufficient to

excuse that untimeliness. We are without jurisdiction to review that determination and

will not do so here. *See id*. at § 1158(a)(3); *Tarrawally v. Ashcroft*, 338 F.3d 180, 185 (3d

Cir. 2003).

B.

Petitioners' delay in filing for asylum does not deprive us of jurisdiction to

review their applications for withholding of removal. The Attorney General may not

remove an alien to a country where the alien's life or freedom would be threatened on the

basis of race, religion, nationality, membership in a particular social group, or political

opinion. 8 U.S.C. § 1231(b)(3)(A). An alien seeking relief under this section must

establish the threat to life or freedom by a "clear probability," which means "more likely

than not." *INS v. Stevic*, 467 U.S. 407, 429–30 (1984). The BIA found Petitioners had

failed to satisfy this standard. That finding of fact must be upheld unless Petitioners present us with evidence compelling a contrary conclusion. *See Abdille*, 242 F.3d at 483–84. They have not done so. For that reason, we will not grant the Petition to review the denial of withholding of removal.

## C.

Nor will we grant the Petition on due process grounds. Petitioners claim that a biased Immigration Judge and difficulties with the interpreter during their hearing deprived them of due process. Due process affords an alien threatened with deportation the right to a "full and fair" hearing with a "reasonable opportunity to present evidence." *E.g., Abdulrahman v. Ashcroft*, 330 F.3d 587, 596 (3d Cir. 2003). It also entitles the alien to an impartial decisionmaker. *Id*. Petitioners have not convinced us that they have been deprived of these rights. We therefore reject their due process claim.

## III.

We are without jurisdiction to review the denial of Petitioners' application for asylum as untimely. As for their claim for withholding of removal, Petitioners have submitted insufficient evidence to compel a finding that they are entitled to that relief. Similarly, we are unpersuaded by their denial of due process claim. Accordingly, we will deny the Petition for Review.

4